# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| **GARY RYDER**, as next friend of and on behalf of **SV** : <br> *Plaintiff* : <br> v. : <br> : <br> **WILLIAM CHESNUT** : <br> : <br> : <br> *Defendant* : | CV: **1:05cv50** <br><br><br><br><br><br><br><br> February 20, 2005 |

## COMPLAINT WITH A DEMAND FOR TRIAL BY JURY

COMES NOW the plaintiff, Gary Ryder, Gary Ryder, as next friend and on behalf of SV and for his complaint against the defendant would state as follows:

## I. INTRODUCTORY STATEMENT

1.    SV ("plaintiff"), a male American citizen, an emancipated minor under the common law of New York, seeks redress for damages caused by the negligence of the defendant William Chesnut, ("defendant").

## II. JURISDICTION AND VENUE

2.    This action is brought and jurisdiction laws pursuant to the laws of the Vermont prohibiting battery, assault, and intentional infliction of emotional distress this being a suit based on 28 UCS 1332 (diversity of citizenship) of the parties thereto and having an amount in controversy in excess of that mandated by statute. Jurisdiction is also proper under section 320 USC.

3.    Venue is proper in this district because the defendant is domiciled in this district and this is the venue in which the defendant's alleged negligence caused substantial harm to the plaintiff.

## III. PARTIES

4.   The plaintiff is the son of the defendant's domestic partner. As a minor, the plaintiff lived at the defendant's home in Barnard, VT from  on or about July 13, 2004 until August 11, 2004.  SV then left the premises of the defendant and filed for emancipation.  The plaintiff now resides in an undisclosed location in New York State and is fully emancipated under the laws of New York State; in re, *Roe v. Doe,* 29 N.Y.2d 188,  272 N.E. 2d 567, 324 N.Y.S.2d 71 9 (1971).

5.   The defendant is a resident of the state of Vermont.

## IV. FACTS

6.   The defendant  is the owner of a house and property located at 9671 Route 12 in Barnard,  Windsor County, Vermont. Identified as Windsor County , Town of Barnard, Property parcel no: 6-276.

7.   The defendant is and was involved in a personal relationship with the plaintiff's father, Frank Verkaik.

8.   The defendant invited Frank Verkaik and the plaintiff to live with him in the defendant's home in Barnard. Mr. Verkaik brought the plaintiff onto the defendant's premises.

9.   While the three parties were living there, the plaintiff, the defendant, and Mr. Verkaik, on numerous occasions, the defendant witnessed Frank Verkaik strike, batter, and abuse the plaintiff in the defendant's home.

10.   The defendant was aware of the abuse Frank Verkaik inflicted upon the plaintiff in the defendant's home, this abuse constituted a grave physical harm to the plaintiff, but the defendant did nothing to lessen, abate or stop such abuse.

11.   By failing to remove Frank Verkaik from his house or calling the police or the appropriate governmental agency, or take other reasonable steps, the defendant did not exercise reasonable care to ensure that the plaintiff was reasonably safe in the defendant's home.

12.   The last time the plaintiff was battered in the defendant's home was on or about the week of  August 11, 2004.

13.   As a result of the defendant's negligence, the following injuries were
      sustained by the plaintiff.
      (a.) physical and bodily injury
      (b.) emotional distress, trauma, psychological damage
      (c.) loss of all personal possessions and items in the care, dominion
           and control of the defendant that belong to and are the property of
           the plaintiff.

## IV STATEMENT OF CLAIMS

## COUNT 1: NEGLIGENCE

14.   Plaintiff herewith realleges and incorporates by reference paragraphs "1"
      through "15" of this Complaint.

15.   The defendant had a duty to make his property reasonably safe for the
      plaintiff. The defendant breached that duty. The defendant's breach
      caused the plaintiff to be damaged. The plaintiff claims damages in the
      sum of ONE MILLION ($1,000,000) DOLLARS.

## COUNT 2. NEGLIGENCE PER SE

16.   Plaintiff herewith realleges and incorporates by reference paragraphs "1"
      through "15" of this Complaint.

17.   12 VSA § 519 (a) states "A person who knows that another is exposed to
      grave physical harm shall, to the extent that the same can be rendered
      without danger or peril to himself or without interference with important
      duties owed to others, give reasonable assistance to the exposed person
      unless that assistance or care is being provided by others."

18.   The defendant knew the plaintiff was exposed to grave physical harm
      when the plaintiff was living in the defendant's home.

19.   The defendant could have easily rendered help to the plaintiff without
      endangering himself or interfering with any other duties he owed to others.

20.   No one else was providing reasonable care or assistance to the plaintiff
      when the plaintiff was being beaten by Frank Verkaik in the defendant's
      home.

21.   The defendant violated 12 VSA § 519 and such statute was designed to
      protect a class of persons to which plaintiff belonged, namely, members of

3

the general public exposed to grave physical harm. The defendant's violation of this statute constitutes a presumption that the defendant was negligent per se for violation of this statute; and, that as a direct and proximate result of defendant's negligence per se, the plaintiff sustained the losses and damages as described elsewhere in this complaint.

## COUNT 3. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22.   Defendant knew, or should have known, that failure to exercise due care in keeping the plaintiff safe from unreasonable harm while living in the defendant's home would cause the plaintiff severe emotional distress.

23.   By failing to act, to stop Frank Verkaik from further harming the plaintiff, when the defendant had reasonable opportunity to do so, the plaintiff suffered emotional distress.

24.   As a further proximate result of defendant's actions and the consequences proximately caused by them, as herein above alleged, plaintiff suffered severe emotional distress and mental suffering, all to his damage and has entered and continues to pursue psychological and medical treatment for the emotional infliction caused by the defendant's failure to intervene in the assaults and emotional belittlement.

## V. PRAYER FOR RELIEF

WHEREFORE: plaintiff prays:

A. Pursuant to the FIRST CLAIM FOR RELIEF:

1.   That the Court finds that by virtue of his conduct the defendant negligently caused the damage to the plaintiff.

2.   As a result the harm the defendant caused by the plaintiff upon the defendant, the plaintiff has been greatly injured both emotionally and physically, the plaintiff claims damages in the sum of ONE MILLION ($1,000,000) DOLLARS.

3.   The defendant pay punitive damages.

4.   That the Court order such further relief as it deems appropriate and necessary to correct the conditions complained of herein; and

5.   That defendants pay interest and plaintiff's costs of this suit, together with reasonable attorneys' fees.

4

B. Pursuant to the SECOND CLAIM FOR RELIEF:

1. That the Court finds that by virtue of violating 12 VSA § 519, the defendant negligently caused the damage to the plaintiff, per se.

2. As a result the harm the defendant caused by the plaintiff upon the defendant, the plaintiff has been greatly injured both emotionally and physically, the plaintiff claims damages in the sum of ONE MILLION ($1,000,000) DOLLARS.

3. The defendant pay punitive damages;

4. That the Court order such further relief as it deems appropriate and necessary to correct the conditions complained of herein; and

5. That defendants pay interest and plaintiff's costs of this suit, together with reasonable attorneys' fees.

B. Pursuant to the THIRD CLAIM FOR RELIEF:

6. That the Court finds that defendant has negligently inflicted emotional distress upon on the plaintiff.

7. That defendant pay plaintiff compensatory damages in the amount of One Million ($1,000,000) Dollars for pain and suffering, mental anguish, humiliation and emotional distress incurred as a result of defendant's unlawful conduct;

8. The defendants pay punitive damages;

9. That defendants pay interest and plaintiff's costs of this suit, together with reasonable attorney's fees.

## VI. CLAIM FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

The Plaintiff

By _____

Gary Ryder, on behalf of and next friend to
next friend to emancipated minor SV,
Gary Ryder, c/o Anthony Parent
401 Center St
Wallingford, CT 06492
(203) 269-6699