```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

Gary Ryder, as next friend   :
and on behalf of SV,         :
        Plaintiff,           :
                             :
    v.                       :     File No. 1:05-CV-50
                             :
William Chestnut,            :
        Defendant.           :
```

## ORDER
(Paper 7)

Plaintiff Gary Ryder has filed a motion for a "tacking order" with respect to the service of process upon the defendant. (Paper 7). Attached to the motion is a message from a constable stating that he has attempted personal service four times, and that "Do Not Trespass" signs have now been placed on the defendant's property. Ryder also reports that the defendant has been home during some or all of the service attempts, but has refused to answer the door. Consequently, Ryder asks the Court for an Order approving service by means of a constable "tacking" the summons and complaint "on the house or property fence or mail box of the defendant."

Service of process may be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Under Vermont law, a court may,

upon motion, allow service "by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode" if the plaintiff has shown that in hand service "cannot be made with due diligence." Vt. R. Civ. P. 4(d)(1).  The Court may also order service by publication "if the court deems publication to be more effective."  Id.

In this case, it appears that the constable has located the defendant's usual place of abode, and that the defendant is avoiding service.  The Court also finds that the plaintiff has acted with due diligence in his efforts to serve the defendant, and that those efforts have included sending papers via regular mail, certified mail and e-mail, as well as in-hand service.  Therefore, Ryder's motion (Paper 7) is GRANTED, and it is hereby ORDERED that alternative service may be effected by leaving a copy of the summons and of the complaint at the defendant's dwelling or usual place of abode.

If the defendant's trespass signs bar the process server from approaching the defendant's house, then service may be made by affixing copies of the summons and complaint to a fence post or other object in such a way

the papers will be readily apparent to the defendant as he enters or departs his property.  The plaintiff shall also mail a copy of the summons and complaint to the defendant's home.  This mailing must take place as soon as reasonably possible after service is effected at the defendant's home, shall include a copy of this Order, and need not be certified or registered.  See 62B Am. Jur. 2d *Process* § 207.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 21st day of June, 2005.

                                /s/ J. Garvan Murtha
                                J. Garvan Murtha
                                United States District Judge