```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Gary Ryder, as next friend   :
and on behalf of SV,         :
       Plaintiff,            :
                             :
     v.                      :       File No. 1:05-CV-50
                             :
William Chestnut,            :
       Defendant.            :
```

ORDER

Plaintiff Gary Ryder brings this action, *pro se*, as next friend of SV, a minor.  The complaint alleges that that SV and his father, Frank Verkaik, lived for a period of time at defendant William Chestnut's home in Barnard, Vermont.  The complaint further claims that while at Chestnut's home, Verkaik physically abused SV, and that Chestnut negligently allowed this abuse to take place.  Jurisdiction is based upon diversity of citizenship, since SV now allegedly resides as an emancipated minor in New York.  (Paper 1).

Currently pending before the Court are Ryder's motion for a writ of attachment (Paper 6), motion for hearing on the writ of attachment (Paper 4), and motion to strike Chestnut's affirmative defenses (Paper 14).  Also pending is Chestnut's motion to appoint a guardian *ad litem* for SV.  (Paper 13).  For the reasons set forth below, judgment is withheld on the pending motions while SV and his representative are allowed time to retain an attorney.

Discussion

Although "[l]itigants in federal court have a statutory right to choose to act as their own counsel . . . an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)).  "It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." Tindall v. Poultney High School, 414 F.3d 281, 284 (2d Cir. 2005) (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).  As the Second Circuit stated in Cheung, "it is not in the interests of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  906 F.2d at 61.

In Tindall, the Second Circuit noted that this rule "is not quite as absolute as it may seem."  414 F.3d at 285.  For example, in some cases there may be an "intertwining of interests of the parent and child" that might allow for a non-lawyer parent to represent the child in litigation.  Id. (citing Machadio, 276 F.3d at 107 (parent who brings

Supplemental Security Income appeal "has a sufficient interest in the case and meets basic standards of competence")).  In general, however, the cases in this Circuit "are too broad and too clear" to allow non-lawyers to represent minors.  Id. at 286.

In this case, Ryder claims that although he is not SV's parent, he is qualified to serve as SV's "next friend" under Fed. R. Civ. P. 17(c).  While the Court acknowledges that there is a dispute about the propriety of Ryder serving as SV's representative (Papers 13 and 16), it does not reach that issue at this time.[1]  Instead, the immediate question is whether Ryder can bring this case, *pro se*, on SV's behalf.

Ryder makes no claim that he is an attorney.  Nor does he appear to have "intertwined" interests with SV in this action. The complaint alleges only that SV was physically harmed by his father, that Chestnut failed to prevent this harm, and that SV is therefore entitled to damages.  Consequently, the Court sees no reason why Ryder should be allowed to pursue this case, *pro se*, on behalf of SV.  Pursuant to the rule in this Circuit, the case must be brought by an attorney.

---

[1]   There also appears to be a dispute about whether SV is an emancipated minor under New York law.  As an emancipated minor, SV may be able to proceed without a representative.  Without further evidence and briefing on this question, the Court will not make this determination.

Conclusion

For the reasons set forth above, an attorney must file a notice of appearance on behalf of SV and/or his representative within 45 days of the date of this Order.  Alternatively, if SV and/or his representative cannot afford counsel, he may, within 45 days, move for leave to proceed *in forma pauperis* and request the appointment of counsel pursuant to 28 U.S.C. § 1915(d).  Failure to comply with this Order may result in the dismissal of this case without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of September, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge